[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2006
THOMAS K. KAHN
CLERK

No. 05-10882
Non-Argument Calendar

_____

D. C. Docket No. 04-00437-CR-T-26TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL VIVAS-RENGEFO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 1, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Vivas-Rengefo appeals his 135-month sentence, imposed after he

pled guilty to possession of cocaine with intent to distribute, and conspiracy to

distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Vivas-Rengefo, who was charged with three codefendants, Paulino Jiminez-Biojo, Christian Balereso, and Alexandre Anchico, argues the district court erred by refusing to grant him a two-level, minor-role reduction, pursuant to U.S.S.G. § 3B1.2. He asserts his participation in the offense was minor when compared to the owners of the cocaine because he only transported it and did not have an equity interest. He also urges that because he was less culpable than the scheme's organizers and recruiters, he was entitled to the reduction and the district court erroneously based his sentence on how the court previously had handled similar cases.

We review a district court's factual findings regarding a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." De Varon, 175 F.3d at 945.

The Guidelines provide for a two-level decrease where the defendant was a minor participant in any criminal activity. See U.S.S.G. § 3B1.2(b). A minor

2

participant is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3). To determine whether the adjustment applies, a district court first should measure the defendant's role against the conduct for which he has been held accountable. See De Varon, 175 F.3d at 934. With regard to drug couriers, this Court has indicated that its holding in De Varon "[did] not create a presumption that drug couriers are never minor or minimal participants, any more than that they are always minor or minimal," but "[r]ather . . . [established] only that the district court must assess all of the facts probative of the defendant's role in [his] relevant conduct in evaluating the defendant's role in the offense." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). In drug courier cases, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and "may be dispositive -- in and of itself -- in the extreme case." De Varon, 175 F.3d at 943.

Second, where there is sufficient evidence, a court also may measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. See id. In making this inquiry, a district court should look to other participants only to the extent that they (1) are identifiable or discernable from the evidence, and (2) were involved in the relevant conduct

3

attributed to the defendant. See id. at 944 (stating that "[t]he conduct of participants in any larger criminal conspiracy is irrelevant"). Moreover, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943.

Here, the relevant conduct attributed to Vivas-Rengefo at sentencing was the importation and possession of approximately 3,588 pounds of cocaine, which represented the amount of cocaine found on the vessel when it was intercepted with Vivas-Rengefo onboard. Indeed, Vivas-Rengefo admitted at his plea colloquy that he was found on a vessel with 3,588 pounds of cocaine, and that he knowingly and intentionally possessed the cocaine and intended to distribute it. These activities demonstrate that he participated in transporting the drugs, and that his role was not minor in the relevant conduct of possession and conspiracy to possess with intent to distribute over five kilograms of cocaine. See De Varon, 175 F.3d at 944. Therefore, the first principle of De Varon precludes a minor role reduction.[1]

---

[1] Given Vivas-Renfego's failure to carry his burden on the first prong, we need not reach the second De Varon prong, but we nevertheless observe that this second principle would also defeat the award of a minor-role reduction here. With the possible exception of co-conspirator Jiminez-Biojo, who claimed that he was the boat's captain, Vivas- Vivas-Rengefo's conduct was identical to that of his codefendants. The conduct of others who were involved in the overall scheme of transporting and selling cocaine -- the organizers or recruiters or those with an equity interest in the cocaine -- is irrelevant to the assessment of Vivas-Rengefo's role, as he is not charged with a larger conspiracy to import or distribute drugs, and, in any event, these individuals are not identifiable from the evidence. See DeVaron, 175 F.3d at 944.

4

"So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945 (emphasis in original). Here, we cannot find clear error in the district court's conclusion that Vivas-Rengefo played an integral role in the charged offenses and, accordingly, was not entitled to a minor-role reduction, pursuant to our decision in De Varon.

**AFFIRMED.**